May Term, 1839.

WARD
v.
BURR.

---

## WARD v. BURR.

The measure of damages to be recovered for the non-delivery of a *floating pre-emption right* according to contract, is the difference between the price agreed to be paid for it, and its value at the time of the breach.

Saturday, May 25.

ERROR to the *La Porte* Circuit Court.

SULLIVAN, J.—*Burr* brought an action of assumpsit against *Dunham* and *Ward* on an instrument of writing in the following form : " One day after date, for value received we promise to pay *David Burr* or order 100 dollars, and agree to let him have the two second eighty acre floats we have any concern in, at the rate of 225 dollars each" (1).

*Dunham* died during the pendency of the suit. *Ward* pleaded the general issue. Verdict and judgment for the plaintiff for the sum of 264 dollars and 75 cents.

The only question for our consideration is, What is the rule by which the plaintiff's damages are to be assessed?

On the trial in the Circuit Court, the defendant asked the Court to instruct the jury, that the measure of damages for failing to let the plaintiff have the floats mentioned in the declaration, was the difference between the price agreed to

be paid for them by the plaintiff, and the value of floats at the time the breach took place. The Court refused to give the instruction asked, but instructed the jury that the measure of damages was " the advance or advantage to be derived from land reasonably well located as a float of preemption in the land district."

We think there can be no doubt that, in an action by a vendee for a breach of contract on the part of the vendor for not delivering the article sold, the measure of damages is the value of the article at the time of the breach. The law has been so settled by repeated decisions both in *England* and in this country. But the vendee cannot recover damages for the fancied goodness of the bargain which he supposes he has lost.

In *Gilpins* v. *Consequa* it is laid down, that in estimating the damages sustained by a breach of contract, the plaintiff is not to recover what he *might have made* had the agreement been literally fulfilled. 1 Peters' C. C. R. 85. The safest general rule says Ch. J. *Kent*, is to limit the recovery as much as possible to an indemnity for the actual injury sustained, without regard to the profits which the plaintiff has failed to make. 3 Caines' R. 116. That remark will apply as well in the case before us, as it did in the case of *Staats* v. *The Ex'ors. of Ten Eyck*, in which it was made.

The record before us does not contain the testimony given upon the trial. We presume, however, that an offer to pay the consideration money by the plaintiff, a demand on the defendant for a delivery of the floats, and his refusal to deliver them, were proved to the satisfaction of the jury.

For the reasons above given, the judgment of the Circuit Court must be reversed. The instruction asked for by the defendant should have been given, and the instruction given should have been refused.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. Quarles*, for the plaintiff.
*C. Fletcher* and *O. Butler*, for the defendant.

(1) By an act of Congress in 1830, revived by an act in 1834, there were pre-emption rights granted to certain settlers on the public lands, which might be located any where in the land district so as not to interfere with

the prior rights of others.  Those pre-emption rights so to be located were called *floats* or *floating rights ;* and it was such rights, under the term *floats,* that were the subject-matter, in part, of the contract stated in the text.